UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ann Vogt, | ) | CASE NO. 1:13 CV 1719 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Total Renal Care, Inc., et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion to Remand and for Costs and Attorneys' Fees (Doc. 7). This is an employment discrimination case. For the reasons that follow, the motion is GRANTED in PART and DENIED is PART. This case is REMANDED to state court, but plaintiff's request for costs and fees is DENIED.

**FACTS**

Plaintiff, Ann Vogt, brought this lawsuit against defendants, Total Renal Care, Inc. d/b/a/ DaVita, Inc. ("DaVita") and Brian Jackson in state court, alleging wrongdoing in connection with plaintiff's employment.

1

Plaintiff alleges that she began employment in 2003 with DaVita's predecessor, Physician's Dialysis.  In 2004, plaintiff became DaVita's Regional Director for the Cleveland and Columbus areas.  In 2010, Defendant Jackson was hired as the new Divisional Vice President.  At the time, Steve Priest ("Priest") told plaintiff that she needed to work closely with Jackson and learn from him, as Jackson would hold the position for only two years.  Priest told plaintiff that, after that period, plaintiff would be promoted to Group Director, which is a prerequisite to the position of Divisional Vice President.  Defendant Jackson then informed plaintiff that she would succeed Jackson as Divisional Vice President.

For approximately seven years, plaintiff worked for DaVita without incident.  Thereafter, DaVita began the process of acquiring an 80% share in Advanced Dialysis, a company owned by Drs. Anton and Flauto.  On February 3, 2011, Priest prohibited plaintiff from attending the Chicago Physicians Leadership meeting, which she was scheduled to attend.  Plaintiff was told not to attend because "she might be needed in Cleveland."  Priest further instructed plaintiff not to contact Drs. Anton and Flauto and was informed by Priest that she would not be involved in the Advanced Dialysis acquisition.  Later, co-workers informed plaintiff that her exclusion from the acquisition was due to her gender and cultural differences between plaintiff and Dr. Anton.

Plaintiff reported her concerns to several upper management employees, including Defendant Jackson.  Plaintiff alleges that Jackson was one of plaintiff's superiors and was a primary decision-maker with respect to plaintiff's employment.  According to plaintiff, Jackson responded to her concerns by telling her to "get over it" and "admonished her and her co-workers from 'venting' about it."

After plaintiff reported her concerns, she began receiving lower scores on her

2

performance evaluations and she was excluded from meetings she previously attended.  On February 10, 2011, plaintiff alleges that defendant Jackson said, "[c]ulturally, Dr. Anton has a hard time with women."  Defendant Jackson then reassured plaintiff that the DaVita leadership would not change and that, after the acquisition, plaintiff would remain in the Cleveland area and retain directorship over the same 40 centers she previously managed.

Shortly thereafter, defendants informed plaintiff that per Dr. Anton's demand, plaintiff was removed as Cleveland director and transferred to the Canton area.  This transfer resulted in a decrease in plaintiff's annual bonus.  A substantially less qualified male replaced plaintiff as the Cleveland area director.  On May 6, 2011, defendant Jackson told plaintiff that he "had to hire a man for the position" of Cleveland director.  Thereafter, plaintiff's replacement told her that he hoped she was not too upset about being removed as Cleveland Director and that "it was just a male/female and cultural thing with Dr. Anton."

On April 26, 2012, plaintiff learned that she was not being promoted to Group Director and that she had not even been considered for the position.  The position was given to David Spears, a male employee who had consistently been ranked below plaintiff in performance reviews prior to the acquisition of Advanced Dialysis.

Thereafter, plaintiff filed this lawsuit in state court asserting three claims for relief.  Count one is a clam for gender discrimination in violation of O.R.C. § 4112.02.  Count two is a claim for retaliation in violation of O.R.C. § 4112.02(l) and count three alleges promissory estoppel.

Defendants removed this case to federal court on the basis of diversity of citizenship.  According to defendants, plaintiff fraudulently joined defendant Jackson and, therefore, his Ohio

3

citizenship should be disregarded.  Plaintiff moves to remand this matter to state court and defendants oppose the motion.

**ANALYSIS**

Under 28 U.S.C. § 1447(c), a case originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which it was removed lacks subject matter jurisdiction.  *Coyne ex rel. Ohio v. Am. Tobacco Co.,* 183 F.3d 488, 496-97 (6th Cir. 1999) ("In a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory....").  The determination of federal jurisdiction in a diversity case is made as of the time of removal.  *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists.  *Id.* at 453-54.

However, "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."  *Coyne*, 183 F.3d at 493.  "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law."  *Id.*  If "there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court."  *Id.*  "The district court must resolve all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non removing party."  *Id.* (internal quotations omitted).  "All doubts as to the propriety of removal are resolved in favor of remand."  *Id.*

Plaintiff argues that this case must be remanded because she sufficiently alleges that defendant Jackson had supervisory authority over plaintiff and has alleged "colorable" claims against him.  Therefore, Jackson is a proper defendant and his joinder is not fraudulent.  Since

4

he, like plaintiff, is a citizen of Ohio, complete diversity is lacking and this case should be remanded to state court. On the other hand, defendants argue that, although plaintiff alleges that defendant Jackson was a supervisor and decision-maker with respect to the adverse action taken against plaintiff, plaintiff fails to allege any facts in support of these assertions. Defendants claim that there are no allegations suggesting that defendant Jackson engaged in any discriminatory conduct. With regard to plaintiff's retaliation claim, defendants argue that the facts in the complaint relate to actions taken only by Dr. Anton and Priest.

Upon review, the Court finds that this case must be remanded to state court because plaintiff stated a "colorable" claim against defendant Jackson. The complaint expressly alleges that defendant Jackson was one of plaintiff's supervisors and was further one of the primary decisio- makers with respect to the adverse action discussed in the complaint. In addition, plaintiff alleges that she approached Jackson about her exclusion from the acquisition, but Jackson took no action and instead told her to "get over it." In addition, plaintiff alleges that defendant Jackson told her that he "had to hire a man for the position." Based on these allegations, the Court cannot say to a requisite degree of certainty that plaintiff will be unable to state a claim against defendant Jackson. Given that all doubt must be resolved in favor of remand, the Court finds that defendants have failed to establish that plaintiff fraudulently joined defendant Jackson. Because complete diversity does not exist in this case, the Court lacks jurisdiction over this matter.

In addition to seeking remand, plaintiff asks this Court to award costs based on defendants' improvident removal of this action. Based on a review of defendants' brief in opposition, the Court finds that defendants had a legitimate basis on which to seek removal. As

such, an award of costs and fees is not appropriate.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand and for Costs and Attorneys' Fees is GRANTED in PART and DENIED is PART. This case is REMANDED to state court, but plaintiff's request for costs and fees is DENIED.

IT IS SO ORDERED.

                                              /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
                                              United States District Judge

Dated: 10/22/13